UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSEPH KONIKOV;
CHANA KONIKOV,
        Plaintiffs,

-vs-                                        Case No. 6:06-cv-818-Orl-28JGG

ORANGE COUNTY, FLORIDA;
EDWARD CANEDA;
GEORGE LaPORTE;
MICHAEL SCOTT;
ROBERT SPIVEY;
MELVIN PITTMAN,
        Defendants.

## ORDER

This case is before the Court on Defendants' Motion to Dismiss Plaintiffs' Amended Complaint with Prejudice or, alternatively, Defendants' Motion for Summary Judgment (Doc. No. 14). The United States Magistrate Judge has submitted a report recommending that the motion be granted in part and denied in part (Doc. 62), to which the parties have filed objections (Docs. 69, 72, 86).

After an independent *de novo* review of the record in this matter and consideration of the parties' objections, the Court adopts the findings of fact and conclusions of law in the Report and Recommendation to the extent that it recommends dismissing Counts I-VI and Count VIII with respect to the County employees acting in their official capacity because those claims are barred by the doctrine of *res judicata*. The Court disagrees, however, with some of the conclusions regarding the application of collateral estoppel to Counts I-VI and the application of *res judicata* and collateral estoppel to Count VII.

## I. Background

Plaintiffs Joseph and Chana Konikov filed the instant eight-count Amended Complaint ("Konikov II") against Orange County, Florida ("the County") and five individuals who are agents or employees of the County – Edward Caneda, George LaPorte, Michael Scott, Robert Spivey, and Melvin Pittman (collectively "the County employees"). The suit arises out of Defendants' efforts to enforce the Orange County Code proscribing Plaintiffs' use of their residence to conduct religious activities and services without holding a special zoning exception to do so. Joseph Konikov originally sued the County and members of the County's Code Enforcement Board in 2002 on claims arising out of the same events litigated herein; those claims have been resolved. Konikov v. Orange County, Florida, No. 6:02-cv-376-ORL-28-JGG (M.D. Fla. filed Mar. 27, 2002) ("Konikov I").

## II. Analysis

"Res judicata is a doctrine of claim preclusion; it refers to 'the preclusive effect of a judgment in foreclosing relitigation of matters that should have been raised in an earlier suit.'" Hart v. Yamaha-Parts Distribs., Inc., 787 F.2d 1468,1470 (11th Cir. 1986) (quoting Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984)). A claim is barred under the doctrine of *res judicata* by prior litigation if "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both case." Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir 1999). "Claim preclusion 'extends not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims *arising out of the same operative nucleus of*

*fact.*'" Id. (emphasis added, internal quotation marks omitted) (quoting Olmstead v. Amoco Oil Co., 725 F.2d 627, 632 (11th Cir. 1984)).

The facts and theories presented in this action arise out of the same operative nucleus of fact as in Konikov I. Plaintiffs continue to bite at the apple that has already spoiled. This type of litigation is precisely what *res judicata* is designed to prevent. Counts I-VI of the Amended Complaint set forth causes of actions identical to those raised in Konikov I. Count VII is likewise identical, though it purports to hold the County employees liable in their individual capacities.[1] While Count VIII is technically a new cause of action, it is based on the same facts and events preceding Konikov I; if the tort claim was to be presented, it was required to have been litigated during the initial proceedings.

The Report and Recommendation focuses on the "new" fact of allegedly false affidavits, but a review of the record in Konikov I reveals that this allegation is not new. Plaintiffs raised the issue of the alleged false affidavits numerous times in Konikov I, in Plaintiff's Opposition to Defendants Motion to Summary Judgment (Doc. 168 at 8, 9, 12, 15, 19), in Plaintiff's Opposition to Defendants' Alternative Motion for Summary Judgment (Doc. 212), at the hearing on Defendant's Alternative Motion for Summary Judgment, and during the depositions of the current Defendants that were taken in Konikov I (Doc. 127). It is a

---

[1] In Konikov I, the Court held that a review of the transcript hearing failed to reveal an agreement between County employees to violate Plaintiff's rights. (Konikov I, Doc. 249 at 52.) That conclusion was not disturbed on appeal. Konikov v. Orange County, Fla., 410 F.3d 1317, 1319 n.1 (11th Cir. 2005); see also Konikov I, Konikov Dep. 247:4-17. The claim cannot be relitigated here.

matter that was necessarily determined during the Konikov I litigation and it is barred by *res judicata*.²

Konikov II merely recycles the same factual events under new theories of liability, evidentiary support of which was present, available, and presented during the adjudication in Konikov I. See Hart, 787 F.2d at 1470-71 ("[A party] cannot avoid preclusion by grounding his second action on a different theory of liability . . . [when] both actions arise from the same [event]. . . ."). "The doctrine of res judicata bars all subsequent suits raising allegedly new theories, unless a substantial change in the underlying facts or law has transpired." Jaffree v. Wallace, 837 F.2d 1461,1469 (11th Cir. 1988). There has been no substantial change in the underlying facts or legal theories since Konikov I. The Court therefore adopts the reasoning of the Report and Recommendation to the extent it concludes that *res judicata* bars Counts I-VI and VIII.

The Magistrate Judge, however, concluded that Count VII, alleging civil conspiracy, is not barred by *res judicata* because the current claim charges the County employees in their individual, as opposed to official, capacities. On this point, the Court disagrees. The Magistrate Judge acknowledged that "Plaintiffs' claim appears to merely repackage Plaintiff's Konikov I claims against new, but lower level County employees who could have

---

² The Magistrate's report analyzed the application of collateral estoppel to the false testimony issue and concluded that Defendants had not met their burden of proving identity of issues between the two cases. Collateral estoppel, or issue preclusion, provides that when "the subsequent litigation arises from a different cause of action, the prior judgment bars litigation only of those matters or issues common to both actions which were either expressly or by necessary implication adjudicated in the first." Christo v. Padgett, 223 F.3d 1324, 1338 n.46 (11th Cir. 2000). Counts I-VI in Konikov II are the same causes of action as those raised in Konikov I, and so *res judicata*, which applies to "later litigation [that] arises from the same cause of action," id., bars the action, not collateral estoppel.

been included in the first action." (Doc. 62 at 13). The County employees in the present case were in privity with those in Konikov I. Citibank N.A. v. Data Lease Fin. Corp., 904 F.2d 1498, 1502 (11th Cir. 1990) (listing cases holding that "employer-employee or principal-agent relationships may ground a claim preclusion defense, regardless which party to the relationship was first sued"). The code enforcement officers could have been named parties in that proceeding. Similarly, the County employees – whether Board members or enforcement officers – could have been sued in their individual capacities. (See Konikov I, Hr'g Tr. Doc. 223 at 129 ("[W]e did cite in our complaint that Mr. Caneda, Mr. Laporte and Mr. Scott were involved in this process and these are the agents of Orange County.")). As the Ninth Circuit articulated in Spector v. El Ranco, Inc.:

> [W]here, as here, the relations between two parties are analogous to that of principal and agent, the rule is that a judgment in favor of either, in an action brought by a third party, rendered upon a ground equally applicable to both, is to be accepted as conclusive against the plaintiff's right of action against the other.

263 F.2d 143, 145 (9th Cir. 1959).

The actions of the individuals in this lawsuit, including observing the home of the Plaintiffs and issuing Notices of Violation, all occurred prior to Plaintiff's commencement of Konikov I. The events giving rise to this lawsuit existed at the time the original complaint was filed. Count VII, like the tort claim in Count VIII, is barred by *res judicata* as a claim already asserted or a claim that should have been asserted in the original proceedings. See Manning v. City of Auburn, 953 F.2d 1355, 1360 (11th Cir. 1992).

The Eleventh Circuit has admonished that allowing a plaintiff to engage in repeat litigation would permit future litigants to strategically sever their claims in hopes of securing

-5-

a second opportunity should their first action prove unsuccessful. Ragsdale, 193 F.3d at 1240. The elements of *res judicata* having been met, Count VII is also barred.

### III. Conclusion

The Report and Recommendation is adopted to the extent it concluded that Counts I-VI and Count VIII are barred by *res judicata*. The Court rejects the Report's conclusion that *res judicata* does not bar Count VII and concludes that Plaintiffs' civil conspiracy claim is precluded as a claim actually asserted or a claim which should have been asserted in Konikov I. Defendants' motion to dismiss is **GRANTED**. Plaintiffs' alternative motion for summary judgment is **DENIED** as moot. Finding that the causes of action Plaintiffs seek to pursue in this lawsuit are barred by *res judicata*, the Plaintiff's Motion for Leave to File a Second Amended Complaint is **DENIED**. The Clerk is directed to close this file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this 9th day of April, 2007.

JOHN ANTOON II
United States District Judge

Copies furnished to:

United States Magistrate Judge
Counsel of Record
Unrepresented Party